IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3187 |
| | ) | |
| V. | ) | |
| | ) | |
| DEBORAH S. KEAHL, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before me for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Section 2255 motion") filed by Defendant, Deborah S. Keahl (filing 46). The motion will be denied.

**I.    Background**

      Defendant was charged with robbery (Count I) and use of a firearm during a crime of violence (Count II) for the armed robbery of a credit union in Lincoln, Nebraska. (Filing 1.) Following a guilty plea, Defendant was sentenced to consecutive terms of sixty-three months in prison as to Count I and sixty months as to Count II. (Filing 44.) She was also sentenced to three years of supervised release as to Count I and five years as to Count II, these terms running concurrently. (*Id.*)

      In this § 2255 motion, Defendant contends that (1) her case does not meet the criteria for mandatory consecutive sentencing; (2) she should not have been assessed two points for purposes of calculating her criminal history category on account of her June, 2001 DUI conviction and (3) she received ineffective assistance of counsel. (Filing 46.) It plainly appears that each of Defendant's claims are without merit.

**II.     Analysis**

    **1.     Mandatory Consecutive Prison Sentences**

Defendant plead guilty to bank robbery (Count I) and use of a firearm during a crime of violence (Count II). In accordance with 18 U.S.C. § 924(c)(1)(D)(ii), which provides that no term of imprisonment for Count II shall run concurrently with any other term of imprisonment, Defendant was sentenced to consecutive prison terms for her offenses. Defendant complains, however, that the circumstances of her case do not meet the criteria for the imposition of mandatory consecutive prison sentences under 18 U.S.C. § 924(c)(1)(D)(ii). Defendant argues that the "except" clause of 18 U.S.C. § 924(c)(1)(A) precludes the imposition of the mandatory minimum sentence for Count II because she was subject to a greater minimum sentence for Count I. Defendant is mistaken.

    Section 924(c)(1)(A) provides:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–
>
> (i) be sentenced to a term of imprisonment of not less than 5 years . . .

18 U.S.C. § 924(c)(1)(A) (emphasis added). The Eighth Circuit has concluded that the prefatory language of § 924(c)(1)(A) "is referring only to minimum sentences for

the firearms-related conduct that § 924 (c)(1) or some other statute proscribes." *U.S. v. Acosta*, 333 Fed. Appx. 159, 160 (8th Cir. 2009). *See also* *U.S. v. Alaniz*, 235 F.3d 386, 390 (8th Cir. 2000) (holding that § 924(c)(1) "requires a consecutive firearm sentence for a criminal defendant already subject to a greater minimum sentence for his predicate drug crime or crime of violence."). Thus, the imposition of consecutive prison sentences was appropriate.[1]

### 2.   Criminal History Computation

Defendant next argues that it was improper for the court to assess her two criminal history points for a June 13, 2001 DUI conviction. Defendant asserts that only those convictions which result in a jail sentence of longer than one year may be used as a basis to add criminal history points. Defendant is incorrect. Pursuant to §4A1.1(b) of the Sentencing Guidelines, two points are to be added for each prior sentence of imprisonment of at least sixty days. The DUI conviction ultimately resulted in an eight-month jail sentence on account of a probation violation. Therefore, the assessment of two points for the DUI conviction was warranted.

### 3.   Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this framework,

---

[1] The court recognizes that the United States Supreme Court granted certiorari in *United States v. Abbott*, 574 F.3d 203 (3d Cir.2009), *cert. granted*, 130 S.Ct. 1284 (2010), and *United States v. Gould*, 329 F. App'x 569 (5th Cir.2009), *cert. granted*, 130 S.Ct. 1283 (2010) to resolve questions regarding the interpretation of 18 U.S.C. § 924(c)(1). However, without any contrary authority from the Supreme Court, the court is bound by Eighth Circuit precedent regarding the meaning and application of section 924(c)(1). Accordingly, Defendant's motion will be denied.

Defendant has the burden of proving: (1) deficient performance on behalf of counsel, demonstrated by a showing that his attorney's performance fell "below the minimum standards of professional competence" and (2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir.2003) (citing *Strickland,* 466 U.S. at 690, 694). Moreover, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

Defendant has wholly failed to present any information to suggest that her attorney, Michael Hansen, engaged in malpractice or otherwise performed incompetently. Defendant complains that Mr. Hansen refused her requests to obtain a psychological examination. Defendant points to no evidence to support this claim. However, even assuming that Mr. Hansen did so refuse, there is no indication that Defendant was prejudiced by any such refusal. Defendant testified at her plea hearing that she understood the charges against her and that her plea was made voluntarily. (Filing 32.) In addition, Defendant stated that she was pleased with Mr. Hansen's representation and that Mr. Hansen investigated her case to her satisfaction. (*Id.*) Defendant has not made any credible allegations of ineffective assistance of counsel.

IT IS ORDERED that the motion under 28 U.S.C. § 2255 (filing 46) is denied. A separate judgment will be issued.

July 19, 2010.

> BY THE COURT:
> *Richard G. Kopf*
> United States District Judge